FROELICH, J., concurring:
{¶ 42} I write separately only to clarify any implications in our opinion that a hostile work environment claim requires that the employee's work performance must be affected and/or that the offensive remarks be made by an agent or decision-maker of the employer.
{¶ 43} As noted by the United States Supreme Court, "Title VII bars conduct that would seriously affect a reasonable person's psychological well-being, but the statute is not limited to such conduct. So long as the environment would reasonably be perceived, and is perceived, as hostile or abusive, there is no need for it also to be psychologically injurious." (Citation omitted.) Harris v. Forklift Sys., Inc. , 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). See also Clinton v. Faurecia Exhaust Sys., Inc. , 2d Dist. Miami No. 2012-CA-1, 2012-Ohio-4618, 2012 WL 4762021, ¶ 42.
{¶ 44} Further, a hostile work environment claim may exist if the employer is or should be aware of such environment and fails to take remedial action, even if it were not the employer or anyone with respondeat superior liability that directly created the situation.
{¶ 45} However, in this case's summary judgment posture, Barrow did not present any evidentiary material to create a genuine issue of material fact that her termination was the product of unlawful discrimination, that Access created or failed to address a hostile work environment, or that Access unlawfully retaliated against her. Accordingly, I agree that the trial *363 court properly granted Access's motion for summary judgment.